FILED IN OPEN COURT
6.30.14
CLERK, U.S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE, FLORIDA

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED STATES OF AMERICA

v.                              CASE NO. 3:14-cr- 114-J-34MCR

ORION KOSHINSKY

## PLEA AGREEMENT

Pursuant to Fed. R. Crim. P. 11(c), the United States of America, by A. Lee Bentley, III, United States Attorney for the Middle District of Florida, and the defendant, ORION KOSHINSKY, and the attorney for the defendant, SYLVIA IRVIN, Esquire, mutually agree as follows:

### A.   Particularized Terms

1.   **Count(s) Pleading To**

The defendant shall enter a plea of guilty to Count One of the Information. Count One charges the defendant with simple assault aboard an aircraft, in violation of Title 18, United States Code, Section 113 and Title 49, United States Code, Section 46506.

2.   **Maximum Penalties**

Count One carries a maximum sentence of not more than six months imprisonment, a fine of not more than $5,000, or both imprisonment and fine, a term of supervised release of not more than one year, and a mandatory special assessment of $10, said special assessment to be due on the date of sentencing. A violation of the terms and conditions of supervised release carries

Defendant's Initials  OK                                      AF Approval _____

a maximum sentence of not more than 1 year imprisonment as well as the possibility of an additional term of supervised release.

3. <u>Elements of the Offense(s)</u>

The defendant acknowledges understanding the nature and elements of the offense(s) with which defendant has been charged and to which defendant is pleading guilty. The elements of Count One are:

<u>First</u>: That the Defendant was within the special aircraft jurisdiction of the United States;

<u>Second</u>: The Defendant threatened to physically harm another person on the aircraft and appeared to have the present ability to inflict such harm; and

<u>Third</u>: The victim was in reasonable apprehension of immediate bodily harm.

4. <u>No Further Charges</u>

If the Court accepts this plea agreement, the United States Attorney's Office for the Middle District of Florida agrees not to charge defendant with committing any other federal criminal offenses known to the United States Attorney's Office at the time of the execution of this agreement, related to the conduct giving rise to this plea agreement.

5. <u>Probation Recommendation</u>

The defendant acknowledges that the United States will recommend to the Court that the defendant be sentenced to a period of one year probation. The defendant understands that this recommendation or request is not binding on the

Defendant's Initials OXK      2

Court, and if not accepted by the Court, the defendant will not be allowed to withdraw from the plea.

6. Restitution

The defendant agrees to pay restitution to JetBlue Airways Corporation in the total amount of $17, 349.66, which includes: $3,770 landing fee at JIA; $2,625 additional fuel costs; $529.66 for pilot and crew additional salary; $10,425 customer compensation.

B. **Standard Terms and Conditions**

1. Restitution, Special Assessment and Fine

The defendant understands and agrees that the Court, in addition to or in lieu of any other penalty, shall order the defendant to make restitution to any victim of the offense(s), pursuant to 18 U.S.C. § 3663A, for all offenses described in 18 U.S.C. § 3663A(c)(1); and the Court may order the defendant to make restitution to any victim of the offense(s), pursuant to 18 U.S.C. § 3663, including restitution as to all counts charged, whether or not the defendant enters a plea of guilty to such counts, and whether or not such counts are dismissed pursuant to this agreement. The defendant further understands that compliance with any restitution payment plan imposed by the Court in no way precludes the United States from simultaneously pursuing other statutory remedies for collecting restitution (18 U.S.C. § 3003(b)(2)), including, but not limited to, garnishment and

Defendant's Initials _OYK_    3

execution, pursuant to the Mandatory Victims Restitution Act, in order to ensure that the defendant's restitution obligation is satisfied.

On each count to which a plea of guilty is entered, the Court shall impose a special assessment pursuant to 18 U.S.C. § 3013. The special assessment is due on the date of sentencing

The defendant understands that this agreement imposes no limitation as to fine.

2. <u>Supervised Release</u>

The defendant understands that the offense(s) to which the defendant is pleading provide(s) for imposition of a term of supervised release upon release from imprisonment, and that, if the defendant should violate the conditions of release, the defendant would be subject to a further term of imprisonment.

3. <u>Sentencing Information</u>

The United States reserves its right and obligation to report to the Court and the United States Probation Office all information concerning the background, character, and conduct of the defendant, to provide relevant factual information, including the totality of the defendant's criminal activities, if any, not limited to the count(s) to which defendant pleads, to respond to comments made by the defendant or defendant's counsel, and to correct any misstatements or inaccuracies. The United States further reserves its right to make any recommendations it deems appropriate regarding the disposition of this case, subject to any limitations set forth herein, if any.

Defendant's Initials _()x(K_    4

4. <u>Financial Disclosures</u>

Pursuant to 18 U.S.C. § 3664(d)(3) and Fed. R. Crim. P. 32(d)(2)(A)(ii), the defendant agrees to complete and submit to the United States Attorney's Office within 30 days of execution of this agreement an affidavit reflecting the defendant's financial condition. The defendant promises that his/her financial statement and disclosures will be complete, accurate and truthful and will include all assets in which he/she has any interest or over which the defendant exercises control, directly or indirectly, including those held by a spouse, dependent, nominee or other third party. The defendant further agrees to execute any documents requested by the United States needed to obtain from any third parties any records of assets owned by the defendant, directly or through a nominee, and, by the execution of this Plea Agreement, consents to the release of the defendant's tax returns for the previous five years. The defendant similarly agrees and authorizes the United States Attorney's Office to provide to, and obtain from, the United States Probation Office, the financial affidavit, any of the defendant's federal, state, and local tax returns, bank records and any other financial information concerning the defendant, for the purpose of making any recommendations to the Court and for collecting any assessments, fines, restitution, or forfeiture ordered by the Court. The defendant expressly authorizes the United States Attorney's Office to obtain current credit reports in order to evaluate the defendant's ability to satisfy any financial obligation imposed by the Court.

Defendant's Initials OxK 5

5. <u>Sentencing Recommendations</u>

It is understood by the parties that the Court is neither a party to nor bound by this agreement. The Court may accept or reject the agreement, or defer a decision until it has had an opportunity to consider the presentence report prepared by the United States Probation Office. The defendant understands and acknowledges that, although the parties are permitted to make recommendations and present arguments to the Court, the sentence will be determined solely by the Court, with the assistance of the United States Probation Office. Defendant further understands and acknowledges that any discussions between defendant or defendant's attorney and the attorney or other agents for the government regarding any recommendations by the government are not binding on the Court and that, should any recommendations be rejected, defendant will not be permitted to withdraw defendant's plea pursuant to this plea agreement. The government expressly reserves the right to support and defend any decision that the Court may make with regard to the defendant's sentence, whether or not such decision is consistent with the government's recommendations contained herein.

6. <u>Defendant's Waiver of Right to Appeal the Sentence</u>

The defendant agrees that this Court has jurisdiction and authority to impose any sentence up to the statutory maximum and expressly waives the right to appeal defendant's sentence on any ground, including the ground that the Court erred in determining the applicable guidelines range pursuant to the United

Defendant's Initials _OKC_    6

States Sentencing Guidelines, except (a) the ground that the sentence exceeds the defendant's applicable guidelines range <u>as determined by the Court</u> pursuant to the United States Sentencing Guidelines; (b) the ground that the sentence exceeds the statutory maximum penalty; or (c) the ground that the sentence violates the Eighth Amendment to the Constitution; provided, however, that if the government exercises its right to appeal the sentence imposed, as authorized by 18 U.S.C. § 3742(b), then the defendant is released from his waiver and may appeal the sentence as authorized by 18 U.S.C. § 3742(a).

7. <u>Middle District of Florida Agreement</u>

It is further understood that this agreement is limited to the Office of the United States Attorney for the Middle District of Florida and cannot bind other federal, state, or local prosecuting authorities, although this office will bring defendant's cooperation, if any, to the attention of other prosecuting officers or others, if requested.

8. <u>Filing of Agreement</u>

This agreement shall be presented to the Court, in open court or <u>in camera</u>, in whole or in part, upon a showing of good cause, and filed in this cause, at the time of defendant's entry of a plea of guilty pursuant hereto.

9. <u>Voluntariness</u>

The defendant acknowledges that defendant is entering into this agreement and is pleading guilty freely and voluntarily without reliance upon any discussions between the attorney for the government and the defendant and

Defendant's Initials OAC

7

defendant's attorney and without promise of benefit of any kind (other than the concessions contained herein), and without threats, force, intimidation, or coercion of any kind. The defendant further acknowledges defendant's understanding of the nature of the offense or offenses to which defendant is pleading guilty and the elements thereof, including the penalties provided by law, and defendant's complete satisfaction with the representation and advice received from defendant's undersigned counsel (if any). The defendant also understands that defendant has the right to plead not guilty or to persist in that plea if it has already been made, and that defendant has the right to be tried by a jury with the assistance of counsel, the right to confront and cross-examine the witnesses against defendant, the right against compulsory self-incrimination, and the right to compulsory process for the attendance of witnesses to testify in defendant's defense; but, by pleading guilty, defendant waives or gives up those rights and there will be no trial. The defendant further understands that if defendant pleads guilty, the Court may ask defendant questions about the offense or offenses to which defendant pleaded, and if defendant answers those questions under oath, on the record, and in the presence of counsel (if any), defendant's answers may later be used against defendant in a prosecution for perjury or false statement. The defendant also understands that defendant will be adjudicated guilty of the offenses to which defendant has pleaded and, if any of such offenses are felonies, may thereby be deprived of certain rights, such as

Defendant's Initials _OxK_          8

the right to vote, to hold public office, to serve on a jury, or to have possession of firearms.

10. Factual Basis

Defendant is pleading guilty because defendant is in fact guilty. The defendant certifies that defendant does hereby admit that the facts set forth in the attached "Factual Basis," which is incorporated herein by reference, are true, and were this case to go to trial, the United States would be able to prove those specific facts and others beyond a reasonable doubt.

11. Entire Agreement

This plea agreement constitutes the entire agreement between the government and the defendant with respect to the aforementioned guilty plea and no other promises, agreements, or representations exist or have been made to the defendant or defendant's attorney with regard to such guilty plea.

12. Certification

The defendant and defendant's counsel certify that this plea agreement has been read in its entirety by (or has been read to) the defendant and that defendant fully understands its terms.

DATED this 30th day of June, 2014.

A. LEE BENTLEY, III
United States Attorney

_____
ORION KOSHINSKY
Defendant

_____
FRANK TALBOT
Assistant United States Attorney

_____
SYLVIA IRVIN
Attorney for Defendant

_____
JULIE HACKENBERRY
Assistant United States Attorney
Chief, Jacksonville Division

Defendant's Initials OyK          10

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED STATES OF AMERICA

v.                                            CASE NO. 3:14-cr-

ORION KOSHINSKY

## PERSONALIZATION OF ELEMENTS

1. On or about March 6, 2014, were you a passenger on JetBlue Flight 1969, traveling from Boston to Ft. Lauderdale, which diverted and landed at Jacksonville International Airport, in the Middle District of Florida?

2. On that flight, while the aircraft was in flight, did you threaten to physically harm a flight attendant?

3. Did you appear to have the present ability to inflict such harm on the flight attendant?

4. Do you admit that the flight attendant was reasonably in apprehension of immediate physical harm?

Defendant's Initials OK                11

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED STATES OF AMERICA

v.                                                              CASE NO. 3:14-cr-

ORION KOSHINSKY

## FACTUAL BASIS

The Defendant was a passenger on JetBlue Flight 1969, traveling from Boston to Ft. Lauderdale on March 6, 2014. The Defendant claimed to fellow passengers and the flight crew that he was in the military and about to deploy. The Defendant received a few complimentary alcoholic beverages as a result of his claimed military service.

After the JetBlue aircraft departed Boston, and while in flight, the Defendant began bothering the passenger seated on his left. A female flight attendant, hereinafter identified by her initials, JP, responded and told the Defendant to get out of his seat so that he could be relocated to the rear of the plane. The Defendant ignored JP's instructions. JP leaned toward the Defendant to unbuckle his seat belt. The Defendant quickly swung his arm up but did not make contact with JP. The Defendant then told JP, "Don't touch me, I'll kill you." JP is 56 years old and much smaller than the Defendant. JP was afraid that she would be physically harmed by the Defendant.

Defendant's Initials __O K__                    12

The Defendant did not harm JP and the Defendant did relocate to another seat. The flight was diverted to Jacksonville International Airport where the Defendant was removed from the plane and arrested. The Defendant was traveling from Boston to voluntarily participate in an in-patient substance abuse treatment program in Ft. Lauderdale.

OXK

Defendant's Initials OXK                    13